JMB 2022R00530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. MJM 25cr192 |
| | * | |
| JAYRE REAVES, | * | (Mail Fraud, 18 U.S.C. § 1341; |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 |
| Defendant. | * | U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
(Mail Fraud)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

1. Defendant **JAYRE REAVES ("REAVES")** resided at 5343 Heatherland Court, Ellicott City, MD 21043 ("**REAVES's** home address").

2. **REAVES** was employed by Legal & General America ("LGA"), a life insurance company located in Frederick, Maryland. LGA was a business unit of its parent company, Legal & General Group PLC, which was a multinational financial services company.

3. **REAVES** worked as a senior manager in LGA's marketing department and was responsible for digital marketing. Reaves's duties included hiring and managing outside vendors providing marketing services.

4. On at least one occasion, to wit, March 15, 2021, **REAVES** completed a "Confidential Annual Questionnaire" for LGA, which asked: "Do you or does any member of your family have any direct or indirect financial interest in or affiliation with any other insurance or financial services organization or with any company or firm (except the Companies) that to your

knowledge is doing business with any of the Companies?" **REAVES** marked the "No" space with an "x" and signed his name.

5. Person C was an employee of **REAVES** at LeadQuote.

6. Person K was a family member of **REAVES**.

### The Scheme to Defraud

7. Beginning in or about September 2020, and continuing through in or about April 2022, in the District of Maryland, and elsewhere,

### JAYRE REAVES,

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud LGA, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, including by submitting false and fraudulent invoices, which led to LGA payments that **REAVES** diverted for his own financial benefit.

### The Purpose of the Scheme to Defraud

8. It was the purpose of the scheme to defraud for **REAVES** to unjustly enrich himself by unlawfully obtaining payments from LGA through a false invoicing scheme.

### MANNER AND MEANS

9. It was part of the scheme to defraud that on or about September 15, 2018, **REAVES** added Person K to a bank account ending in 4316 at PNC Bank ("PNC 4316"), which had been solely registered to **REAVES** since 2003.

10. It was further part of the scheme to defraud that from on or about September 15, 2018 to on or about September 9, 2022, **REAVES** and Person K were the only signatories on PNC 4316 and caused the PNC 4316 bank statements to be mailed to **REAVES's** home address.

11. It was further part of the scheme to defraud that on or about August 29, 2020, Person K opened a UPS Store mailbox at 8775-M Centre Park Drive, #422, Columbia, Maryland 21045.

12. It was further part of the scheme to defraud that in or about April 2020, **REAVES** caused the creation and formation of The Umbrella Insurance, LLC, a Maryland entity which operated under the trade name "LeadQuote."

13. It was further part of the scheme to defraud that **REAVES** hired Person C as an employee for LeadQuote.

14. It was further part of the scheme to defraud that in or about May 2020, **REAVES** completed an internal risk assessment and internal due diligence questionnaire relating to LeadQuote and obtained approval for LeadQuote to become a vendor for LGA.

15. It was further part of the scheme to defraud that in or about June 2020, **REAVES** caused the creation and formation of Amore4Insurance, LLC ("A4I LLC"), which was a Maryland entity that listed **REAVES**'s primary residence as its address of record.

16. It was further part of the scheme to defraud that in or about September 2020, **REAVES** caused the creation and formation of Amore4Insurance, Inc. ("A4I Inc."), which was a Maryland corporation that listed **REAVES**'s property at 1618 Portugal Street, Baltimore, MD 21231 as its address of record.

17. It was further part of the scheme to defraud that in or about September 2020, **REAVES** completed an internal risk assessment and internal due diligence questionnaire relating to A4I Inc., and obtained approval for A4I Inc. to become a vendor for LGA.

18. It was further part of the scheme to defraud that **REAVES** was the vendor sponsor of LeadQuote and A4I Inc., which allowed **REAVES** to directly manage LGA's relationship with LeadQuote and A4I Inc.

19. It was further part of the scheme to defraud that **REAVES** used the U.S. mails to send fraudulent invoices to LGA on behalf of LeadQuote and A4I Inc. that falsely claimed that LeadQuote and A4I Inc. should be paid for online Internet-based lead generations they had supposedly performed for LGA.

20. It was further part of the scheme to defraud that **REAVES** opened or directed the opening of multiple bank accounts for the receipt of fraudulently obtained funds, including the accounts listed in the chart below:

| Bank Acct. | Sole Signatory & Applicable Dates | Address of Record | Account Holder(s) |
| --- | --- | --- | --- |
| Primis Bank account ending in 2961 ("Primis 2961") | Person C Only from 5/28/20-2/28/22 | Person C's home address | LeadQuote |
| M&T Bank account ending in 6789 ("M&T 6789") | Person K Only from 9/920-8/31/22 | 8775-M Centre Park Drive, #422, Columbia, Maryland 21045 | Person K |
| PNC Account ending in 4204 ("PNC 4204") | REAVES Only from 10/12/18-10/31/2022 | **REAVES**'s home address | Amore4Homes LLC |
| M&T Bank account ending in 4391 ("M&T 4391") | REAVES Only from 9/30/20-10/31//22 | **REAVES**'s home address | Amore4Homes LLC |

21. It was further part of the scheme to defraud that from in or about May 2020 to in or about July 2022, **REAVES** deposited and caused the deposit of more than $550,000 in LGA checks into Primis 2961, PNC 4316, PNC 4204, M&T 6789, and M&T 4391.

22. It was further part of the scheme to defraud that LGA suffered a financial loss exceeding $550,000.

## THE CHARGE

23. On or about the date set forth below, in the District of Maryland and elsewhere,

**JAYRE REAVES,**

the defendant herein, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did knowingly cause to be delivered by the U.S. Postal Service, any matter and thing, according to the direction thereon, as set forth below:

| DATE OF INVOICE | FROM | TO | DESCRIPTION |
|---|---|---|---|
| October 22, 2020 | 3275 Bennett Creek Ave, Frederick, MD 21704 | 8775-M Centre Park Drive, #422, Columbia, Maryland 21045 | False and fraudulent invoice for $130,000 |

18 U.S.C. § 1341
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of the offense alleged in Count One of this Information.

### Mail Fraud Forfeiture

2. Upon conviction of the offenses alleged in Count One, the Defendant,

**JAYRE REAVES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including, but not limited to, a forfeiture money judgment in the amount of at least $550,000 in U.S. Currency equal to the proceeds the defendant obtained as a result of the scheme to defraud.

### Substitute Assets

3. If, as a result of any act or omission by the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be divided without difficulty,

6

the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*[signature]* /on behalf of

Kelly O. Hayes
United States Attorney